IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BETTY BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | 7:05CV5022 |
| | ) | |
| v. | ) | |
| | ) | |
| US BANCORP ASSET MANAGEMENT, INC., | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion to dismiss filed by the defendant US Bancorp Asset Management, Inc. ("US Bank")(Filing No. 9). Having reviewed the motion and defendant's brief, and the applicable law, the Court finds that defendant's motion to dismiss should be granted. The Court notes that no responsive brief was filed by plaintiff.

In a Title VII case, a plaintiff's unexcused failure to exhaust administrative remedies effectively bars the courthouse door. *Duncan v. Delta Consol. Indus., Inc.*, 371 F.3d 1020, 1024-25 (8th Cir. 2004). Exhaustion has two key components: the timely filing of a charge with the EEOC and the receipt of a right-to-sue letter from the agency. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973). "Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting

conciliatory efforts." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994). "The proper exhaustion of administrative remedies gives the plaintiff a green light to bring her employment-discrimination claim." *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996).

Here, the plaintiff's complaint does not allege that plaintiff has exhausted her administrative remedies. The complaint makes no mention that the plaintiff filed any charge with the EEOC or received a right-to-sue letter, and plaintiff's pleadings fail to allege the necessary exhaustion requirements that are a prerequisite to bringing an employment discrimination claim. Therefore, the Court will grant defendant US Bank's motion to dismiss for failure to state a claim upon which relief can be granted. Accordingly, a separate order will be entered in accordance with this memorandum opinion.

DATED this 23rd day of March, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court